**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20400-RS**

**UNITED STATES OF AMERICA**

v.

**PAVEL RAMON RUIZ HERNANDEZ,**

Defendant.

**NOTICE ON FINAL FORFEITURE**

Pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby files this Notice on Final Forfeiture:

1. On August 15, 2023 and September 20, 2023, pursuant to 18 U.S.C. § 981(a)(1)(C), the Court entered a Preliminary Order of Forfeiture, ECF No. 37 and ECF No. 52, forfeiting, subject to third-party interests, the following property to the United States (collectively, the "Property"), among other assets:

    i. Forfeiture Money Judgment in the amount of $42,942,000;

    ii. All funds on deposit in Citibank account number 3198002403, held in the name of Pavel Ramon Ruiz Hernandez, or seized from this account on or about September 2, 2021;

    iii. All funds on deposit in Citibank account number 3490145105, held in the name of Pavel Ruiz MJCF LLC, or seized from this account on or about September 2, 2021; and

    iv. All funds on deposit in Citibank account number 3290405412, held in the name

of Pavel Ruiz MJCF LLC, or seized from this account on or about September 2, 2021.

2. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, ECF No. 56; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

3. Direct notice was sent to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Property, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1).

4. The notice described the Property and advised that any person, other than the Defendant, asserting a legal interest in the Property may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. The time period for filing a petition claiming an interest in the Property has expired, and no petition or claim has been filed.

6. The Preliminary Order of Forfeiture stated that upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then the Preliminary Order of Forfeiture shall become a Final Order of Forfeiture and any duly authorized law enforcement official shall dispose of the Property in accordance with applicable law.

Accordingly, the Property is now finally forfeited, and all right, title, and interest in such Property is vested in the United States.

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By: <u>*s/ Marx P. Calderón*</u>
Marx P. Calderón
Assistant United States Attorney
Court ID No. A5502700
99 N.E. 4th Street, 7th Floor
Miami, FL 33132-2111
Telephone: (305) 961-9036
E-mail: Marx.Calderon@usdoj.gov